UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

ALEX E. WOMACK, JR.,                                    Civil No. 08-91 (PJS/SRN)

         Petitioner,

    v.                                                      **REPORT AND RECOMMENDATION**

Mr. RIOS, Warden,

         Respondent.

_____

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

In March 1997, Petitioner was indicted in the United States District Court for the Northern District of Iowa, for alleged federal drug law violations. In October 1997, a jury found Petitioner guilty of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine. After a series of post-verdict motions, Petitioner was

_____

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

sentenced in September 1998 to 292 months in federal prison.  Petitioner is currently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.

After Petitioner was sentenced, he filed a direct appeal in the Eighth Circuit Court of Appeals.  The Court of Appeals considered Petitioner's claims on the merits, and affirmed his conviction and sentence.  United States v. Womack, 191 F.3d 879 (8th Cir. 1999).  Petitioner's subsequent motion for rehearing in the Court of Appeals was denied on November 10, 1999.  Id.

Petitioner later challenged his conviction and sentence in a motion to the trial court that was brought under 28 U.S.C. § 2255.  That motion was denied on December 21, 2005.  (Petitioner's "Memorandum In Support Of Motion For Habeas Corpus Pursuant To 28 U.S.C. § 2241(c)(3) To Vacate, Set Aside Sentence," [Docket No. 2], p. 6.)  The trial court also declined to grant Petitioner a Certificate of Appealability, as required by 28 U.S.C. § 2253(c).  (Id.)  Petitioner sought further review of his § 2255 claims by filing motions under Fed. R. Civ. P. 60(b) and 59(e), but those motions were denied.  (Id.)  Petitioner then sought a Certificate of Appealability from the Eighth Circuit, but that request also was denied.  (Id.)

In the present § 2241 habeas corpus proceeding, Petitioner is once again attempting to challenge his 1997 Iowa federal criminal conviction and subsequent sentence.  The current petition lists three claims for relief: (1) that Petitioner's conviction was based on testimony that the prosecution knew was perjured; (2) that Petitioner was deprived of his constitutional right to effective assistance of counsel at trial; and (3) that Petitioner was deprived of his constitutional right to effective assistance of counsel on appeal.  (Petition, [Docket No. 1], pp.  3-4, § 9.)  These claims, however, cannot be entertained in a habeas

2

corpus proceeding, and this action must be summarily dismissed for lack of jurisdiction.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241."  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

3

In this case, it is readily apparent that Petitioner is challenging the validity of his 1997 federal criminal conviction and subsequent sentence. He obviously believes that his conviction and sentence were invalid from the outset, and should now be vacated. Because Petitioner is challenging his conviction and sentence, his present habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[2]

Petitioner contends that the savings clause applies here, because the trial court and the Eighth Circuit Court of Appeals wrongly analyzed, and wrongly decided, his past challenges to his conviction and sentence – i.e., his post-verdict motions, his direct appeal, and his various post-conviction proceedings. (See Petitioner's Memorandum, p. 19.) However, the remedy provided by § 2255 cannot be deemed "inadequate or ineffective" for

---

[2]  In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to treat the present habeas corpus petition as a § 2255 motion and transfer this matter back to the original trial court.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Petitioner's current claims for relief, simply because the trial court and the Eighth Circuit Court of Appeals allegedly failed to correctly adjudicate them.

Petitioner's true objective in this case is to have the Minnesota District Court review and overturn the prior decisions of the District Court for the Northern District of Iowa, and the Eighth Circuit Court of Appeals.  However, our Court does not have the legal authority to set aside a prior ruling by a co-equal district court – not to mention a ruling by a federal circuit court of appeals.  See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (second collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court").

The § 2255 savings clause does not allow a federal prisoner to use a § 2241 habeas corpus petition as a vehicle for re-raising claims that were raised and adjudicated in a prior § 2255 proceeding.  This legal principle is clearly explained in two longstanding Seventh Circuit Court of Appeals' opinions that are worth quoting at length, because they are fully relevant to the present case.  In Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> "Petitioner's § 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus.  The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device.  True, it did not effect petitioner's release.  The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test' its legality.  The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a § 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention."  (Emphasis added.)

Similar reasoning appears in Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.), cert.

denied, 382 U.S. 829 (1965), where the Court held:

> "The fact that the [trial] court's disposition of the § 2255 motion was adverse to petitioner, or even, arguendo, incorrect, does not mean that his remedy under that section was 'inadequate or ineffective.'  If that were the rule, any adverse determination by one court of a § 2255 application would be reviewable by another court in a habeas corpus proceeding.  Obviously, such a result was not intended by Congress when it drafted § 2255."

See also Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969) ("[a] federal prisoner seeking habeas corpus relief has the difficult burden of coming forward with evidence which affirmatively shows the ineffectiveness of the section 2255 relief in his case, and he cannot satisfy this requirement by merely showing that his previous section 2255 petition was unsuccessful") (emphasis added); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979) (per curiam) (same).

Our Court of Appeals has confirmed that § 2255 cannot be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).  See also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied").

A federal prisoner can challenge his conviction and/or sentence in a § 2241 habeas petition, "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241.  He had a reasonable opportunity to raise his current claims in his § 2255 motion to the trial court, (and in numerous other proceedings), and he has not identified any

material change in the law that has occurred since the final rulings on his § 2255 motion.

As the Court of Appeals pointed out in <u>Abdullah</u> –

"[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting <u>Wolford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). Petitioner has had an adequate procedural opportunity to raise his current claims for relief. Therefore, even though Petitioner continues to believe that his claims are valid, and that his claims have not been properly heard and decided in the trial court and the Eighth Circuit, he is barred from bringing those claims in a § 2241 habeas corpus petition.

## III.   CONCLUSION

Because Petitioner's application for habeas corpus relief challenges the validity of his 1997 federal criminal conviction and subsequent sentence, his current claims for relief cannot be raised in a § 2241 habeas corpus petition, unless the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." Although Petitioner obviously disagrees with the prior rulings of the Northern District of Iowa and the Eighth Circuit Court of Appeals, that does not mean that the remedy provided by § 2255 is inadequate or ineffective and the "savings clause" applies.

Section 2255 did provide Petitioner an adequate and effective means of challenging his conviction and sentence, and the trial court, (as well as the Court of Appeals), did, in fact, adjudicate the claims that he previously brought under that statute. Furthermore, there has not been any relevant change in the law that would allow Petitioner to circumvent

§ 2255's exclusive remedy provision and have his claims reconsidered under § 2241.

In sum, the § 2255 savings clause is not applicable here, and thus Petitioner's current claims for relief cannot be raised in a § 2241 habeas corpus petition. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily dismissed for lack of jurisdiction.

Dated: January 10, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 25, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.